IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:08CR3146 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ROBERT MARKS, | ) | |
| | ) | |
| Defendant. | ) | |

    The government has filed an unopposed motion to continue the December 1, 2009 deadline for performing a forensic examination of defendant's computers to December 18, 2009. The government explains additional time is needed to coordinate arrangements between the federal agencies and defense experts involved in this forensic examination. The parties further request a status conference within the next thirty days to apprise the court of scheduling matters, including the progress of conducting a forensic examination of defendant's computers, with the time period between December 1, 2009 and the status conference excluded for speedy trial purposes. Filing No. 59. The court finds the government's motion should be granted.

    Accordingly,

    IT IS ORDERED:

    1)    The government's unopposed motion to continue, (filing no. 59), is granted, and the parties are given until December 18, 2009, to make arrangements and present a proposed stipulation and order to the court which will allow for forensic examination of the computers seized in this case.

    2)    A telephonic status conference with the court to discuss the forensic examination of the defendant's computers and other case scheduling

matters is scheduled to be held on January 7, 2010 at 12:30 p.m. Counsel for the government shall place the call.

3) With the agreement of the parties, and upon consideration of the facts set forth in the government's motion, the court finds the ends of justice will be served by allowing the parties additional time to coordinate and complete the forensic examination of the defendant's computers. The interests of justice served by this continuance outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between December 1, 2009 and January 7, 2010, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the parties require additional time to adequately prepare the case, taking into consideration due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

DATED this 7th day of December, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge