IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:08CR3146 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| ROBERT MARKS, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 6th day of December, 2010, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has pled guilty to Counts I and III of the Superseding Indictment filed herein. Count I charges the Defendant with one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count III of said Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C., § 2253, of the following:

   1. Toshiba lap top, model #Satellite A205, Serial #67110792Q. Investigators removed the battery, Serial #PA3534U1BRS;

   2. Generic CPU with no serial number;

   3. Compaq lap top computer, Serial #1456VQUN2V18D2822J9F. The lap top is missing its foldout screen;

   4. E Machine, Model #T3100, Serial #QAS1750003172;

   5. Linksys broad ban router with a power cord, Serial #CGT00E135068;

   6. Quantum Fireball hard disc drive, Serial #PN-SP-012340-12541-13H-14YD;

   7. Gateway ATX, Serial #0018759012, no serial number was listed.

on the basis they were used or were intended to be used to facilitate said violation.

2. By virtue of said guilty plea, the Defendant forfeits his interest in the above-described properties, and the United States should be entitled to possession of the same, pursuant to 18 U.S.C., § 2253.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Count III of the Indictment and the plea of guilty, the United States is hereby authorized to seize the above-referenced computer equipment.

C. The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C., § 2253.

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E. Pursuant to 18 U.S.C., § 2253, the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C., § 2253, in which all interests will be addressed.

ORDERED this 6th day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge